IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KHAMPHOY PHOMMA,

    Petitioner,

v.

THERESA DELBALSO, et al.,

    Respondent.

CIVIL ACTION
NO. 17-499

## OPINION

**Slomsky, J.**                                                                                                                                           February 15, 2018

### I.    INTRODUCTION

Before the Court is the pro se Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. No. 1) and a Request for an Immediate Stay and Abeyance of the Proceedings (Doc. No. 12) filed by Khamphoy Phomma ("Petitioner"), a prisoner incarcerated at the State Correctional Institution located in Frackville, Pennsylvania. (Doc. No. 10 at 1.) On August 14, 2017, United States Magistrate Judge Thomas J. Rueter issued a Report and Recommendation ("R&R"), recommending that the Petition be denied and that a certificate of appealability not be issued. (Doc. No. 10.) On September 11, 2017, Petitioner filed the Request for an Immediate Stay and Abeyance of the Proceedings. (Doc. No. 12.) For reasons stated below, the Court will approve and adopt the R&R (Doc. No. 10) and deny Petitioner's Request for an Immediate Stay and Abeyance of the Proceedings (Doc No. 12).[1]

---

[1] For purposes of this Opinion, the Court has considered Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1), the Response in Opposition to the Petition (Doc. No. 9), the Report and Recommendation (Doc. No. 10), Petitioner's Request for an Immediate Stay and Abeyance of the Proceedings (Doc. No. 12), and the pertinent state court record (Doc. No. 11).

1

## II. BACKGROUND

On June 7, 2007, Petitioner was convicted in state court of third-degree murder and possessing an instrument of crime. Commonwealth v. Phomma, Civ. A. No. 1713 EDA 2014, 2015 WL 7078617, at *3 (Pa. Super. Ct. June 10, 2015). On August 9, 2007, the trial court sentenced Petitioner to twenty to forty years' imprisonment. Id. On December 9, 2010, the Pennsylvania Superior Court affirmed the judgment of sentence. Commonwealth v. Phomma, 23 A.3d 574 (Table), Civ. A. No. 122 EDA 2010, slip op. at 5-6 (Pa. Super. Ct. Dec. 9, 2010). Petitioner filed a Petition for allowance of appeal in the Supreme Court of Pennsylvania, which was denied on March 29, 2011. Commonwealth v. Phomma, 19 A.3d 1050 (Pa. 2011).

On December 19, 2011, Petitioner filed a pro se Petition pursuant to Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541 et seq. The PCRA court appointed counsel for Petitioner who filed an amended Petition alleging that prior counsel was ineffective for failing to preserve a challenge to the weight of evidence. On May 19, 2014, the PCRA court denied the amended Petition without holding a hearing. Petitioner subsequently filed an appeal raising one issue: "Did the PCRA Court err when it dismissed [Phomma's] Amended PCRA Petition without a Hearing even though [Phomma] properly pled and would have been able to prove that he was entitled to relief?" Phomma, 2015 WL 7078617, at *3 (quotation omitted). On June 10, 2015, the Superior Court of Pennsylvania affirmed the decision of the PCRA court. Id. Petitioner filed a Petition for allowance of appeal to the Supreme Court of Pennsylvania, which the court denied on February 1, 2016. Commonwealth v. Phomma, 131 A.3d 491 (Table), No. 429 EAL 2015 (Pa. Feb. 1, 2016).

On February 2, 2017, Petitioner filed the instant pro se Petition for Writ of Habeas Corpus (Doc. No. 1), raising the following three issues:

(1) Whether the PCRA court erred in denying Petitioner's post conviction relief without a hearing on his claim of ineffective assistance of trial counsel for failing to challenge the weight of evidence.

(2) Whether trial counsel was ineffective for failing to compel the attendance of eyewitnesses at the trial to provide exculpatory testimony.

(3) Whether Petitioner should have access to the physical evidence (knife and clothes) recovered at the crime scene to subject those items to DNA analysis.

(Doc. No. 1.)

On August 14, 2017, Magistrate Judge Rueter issued an R&R recommending that Petitioner's claims be denied. (Doc. No. 10 at 21.) On September 11, 2017, Petitioner filed the Request for an Immediate Stay and Abeyance of the Proceedings. (Doc. No. 12.) In his Request, Petitioner provided two reasons for his Request for an Immediate Stay and Abeyance of the Proceedings. First, Petitioner stated that he needed additional time to develop a meaningful response to the R&R. (Id. at 1-2.) Petitioner cited his lack of legal expertise and limited access to the Institutional Law Library as justifications for this request. (Id. at 1.) Second, Petitioner stated that he needed an Immediate Stay and Abeyance of the Proceedings to allow him to pursue unexhausted claims in state court. (Id. at 2.) For the following reasons, the Court will approve and adopt the R&R (Doc. No. 10) and will deny Petitioner's Request for an Immediate Stay and Abeyance of the Proceedings (Doc. No. 12).

## III. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(B) and the local rules of this Court, a district judge is permitted to designate a magistrate judge to make proposed findings and recommendations on petitions for post-conviction relief. See 28 U.S.C. § 363(b)(1)(B); E.D. Pa. Civ. R. 72.1. Any party may file objections in response to the magistrate judge's report and recommendation. Id. at

§ 363(b)(1)(C). Whether or not an objection is made, a district judge "may accept, reject, or modify, in whole or in part, the findings of recommendations made by the magistrate judge. The [district] judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions." Id. "[I]t must be assumed that the normal practice of the district judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987); see also 28 U.S.C. § 636(b).

## IV.     ANALYSIS

As previously noted, Petitioner raises three issues in his Petition for Writ of Habeas Co. (Doc. No. 1.) First, Petitioner argues that the PCRA court erred when it denied him post-conviction relief without a hearing on his claim of ineffective assistance of counsel for failing to challenge the weight of the evidence. (Id. at 5.) Second, Petitioner claims that trial counsel was ineffective for failing to compel the attendance of eyewitnesses at the trial to provide exculpatory testimony. (Id. at 8.) Third, Petitioner asserts that he should be entitled to access the physical evidence recovered by police for DNA testing. (Id. at 10.)

### 1. Petitioner's Objection to the PCRA Court's Denial of Post-Conviction Relief Without a Hearing is Meritless

In his first claim, Petitioner argues that the PCRA court erred when it denied him post-conviction relief without a hearing on his claim of ineffective assistance of trial counsel for failing to challenge the weight of the evidence. (Id. at 5.) He asserts that the weight of the evidence did not support his conviction and that his trial counsel was ineffective for failing to raise this issue on appeal. (Id.)

To determine whether a verdict is against the weight of the evidence, a reviewing court must find that the "jury's verdict is so contrary to the evidence as to shock one's sense of

4

justice." Commonwealth v. Vandivner, 962 A.2d 1170, 1177 (Pa. 2009) (citing Commonwealth v. Cousar, 928 A.2d 1025, 1036 (Pa. 2007)).  Upon consideration of the state courts' detailed explanations, which were strongly supported by the record, the R&R appropriately concluded that Petitioner's claim that the verdict was against the weight of the evidence has no merit. Petitioner told police that he advised his girlfriend that he stabbed the victim over money and that after doing so he took money before fleeing.  (Doc. No. 10 at 14.)  In addition, other evidence—including Petitioner's admission that he entered the apartment to commit a robbery, that after the incident he made a phone call to police blaming four black men for the killing, and that he attempted to dispose of his bloody clothes in a sewer—sufficiently supported the fact finder's determination of his guilt.  (Id.)  Accordingly, the Court adopts the R&R's finding that the trial court's verdict did not shock one's sense of justice simply because Petitioner disagreed with the reasonable inferences drawn by the trial court sitting as the fact finder.

### 2. Petitioner's Claim of Ineffective Assistance of Trial Counsel for Failing to Compel Attendance of Certain Eyewitnesses is Procedurally Defaulted

The Court accepts and adopts the R&R's determination that Petitioner's second habeas claim is procedurally defaulted.  Petitioner's second claim for habeas corpus relief asserts that his trial counsel was ineffective for failing to compel the attendance of eyewitnesses to provide exculpatory testimony at his trial.  (Doc. No. 1 at 8.)

Petitioner's claim is procedurally defaulted because he is, and will remain, unable to satisfy the state court exhaustion requirement for federal habeas corpus review.  See 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 845, 847 (1999) ("a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement [of § 2254(b)(1)]").  Under 28 U.S.C. § 2254, a habeas petitioner must exhaust all available state court remedies before a federal court may entertain a

petition for habeas relief.  Rolan v. Coleman, 680 F.3d 311, 317 (3d Cir. 2012).  Procedural default occurs when a petitioner cannot obtain state court review of his claims because of noncompliance with state procedural rules.  Martinez v. Ryan, 566 U.S. 1, 9 (2012).

Here, Petitioner's claim of ineffective assistance of trial counsel is procedurally defaulted because the claim is unexhausted and expired in state court.  (Doc. No. 10 at 16).  Petitioner's claim is unexhausted because he did not raise it in state court (Id.), and Petitioner's claim is expired because the time to raise the claim has lapsed, see 42 Pa. C.S.A. § 9545.

### 3. Petitioner's Claim of Ineffective Assistance of Trial Counsel Fails on the Merits

Even if Petitioner's claim of ineffective assistance of counsel was not procedurally defaulted, it also fails because it is meritless.  The Supreme Court has held that to succeed on a claim of ineffective assistance of counsel, a petitioner must satisfy a two-prong test, showing that: (1) counsel's performance was deficient; and (2) counsel's deficient performance caused the petitioner prejudice.  Strickland v. Washington, 466 U.S. 668, 687-96 (1984).  To assert deficient performance, a petitioner must demonstrate "that counsel's representation fell below an objective standard of reasonableness" and that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Id. at 687-88.

Meanwhile, to show prejudice, a petitioner must

> demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding."  Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

Harrington v. Richter, 562 U.S. 86 (2011) (citations omitted).

A petitioner would also need to overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound strategy.'" Id. (citation omitted). Furthermore, to establish a claim for ineffective assistance of counsel specifically for failing to call witnesses, a petitioner must demonstrate "a reasonable likelihood that . . . information [not presented] would have dictated a different trial strategy or led to a different result at trial." Lewis v. Mazurkiewicz, 915 F.2d 106, 115 (3d Cir. 1990).

Though he argues that his trial counsel was ineffective for failing to compel the attendance of certain eyewitnesses, Petitioner failed to identify the witnesses he claims should have been called to present exculpatory testimony and what their testimony would have been. (Doc. No. 10 at 17.) Without this information, this claim must be denied. See Day v. Mahally, Civ. A. No. 15-0863, 2017 WL 445751, at *4 (E.D. Pa. Feb. 2, 2017) ("Without any evidence of who would have been called to testify or what they might have said, Petitioner's claim must fail."). Moreover, he has not further shown how calling certain witnesses to testify would have caused a different result at his trial. Accordingly, the claim of ineffective assistance was meritless. Thus, because Petitioner's ineffective assistance of counsel claim lacked merit, the PCRA court properly exercised its authority to decline to hold a hearing. See Commonwealth v. Carter, 21 A.3d 680, 684 (Pa. Super. Ct. 2016) ("[A] PCRA court may decline to hold a hearing on [a] petition if . . . that petitioner's claim is patently frivolous or without . . . support in the record or from other evidence.").

#### 4. Petitioner's Request for Access to Physical Evidence Lacks Good Cause

Petitioner has failed to show good cause under Rule 6 of the Rules Governing § 2254 proceedings and is therefore not entitled to access to the physical evidence he requests. Petitioner has provided no factual allegations to show good cause in order to obtain the discovery sought.

Rule 6, which governs discovery requests in habeas cases, states that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Williams v. Beard, 637 F.3d 195, 209 (3d Cir. 2011), cert. denied, 567 U.S. 952 (2012). Thus, discovery is subject to the district court's discretion, and the burden rests on the petitioner to demonstrate that there is good cause for discovery by setting forth factual allegations which, if fully developed, would entitle him to habeas relief. Id. Here, Petitioner has failed to demonstrate with specific allegations that the requested materials are critical and would entitle him to habeas relief.

Additionally, the Court agrees with the R&R's determination that Petitioner may not seek discovery in order to assert a claim of actual innocence because the Supreme Court has not yet recognized a freestanding claim of actual innocence. Wright v. Sup't Somerset SCI, 601 F. App'x 115, 119 (3d Cir.), cert. denied, 136 S. Ct. 24 (2015) ("[T]he Supreme Court has not yet recognized the existence of a freestanding claim of actual innocence.").

Moreover, the Court finds that Petitioner's claim for good cause is further undermined by the overwhelming weight of the evidence against him and by his failure to file a petition seeking DNA testing while in state court. See 42 Pa. Cons. Stat. Ann. § 9543.1; Romero v. Beard, Civ. A. No. 08-0528, 2011 WL 3862317, at *5 (E.D. Pa. Aug. 31, 2011) ("When determining whether to exercise discretion to permit discovery in federal habeas cases, courts have taken into account

any lack of diligence on the petitioner's part in developing the record in state court"); see also Crawford v. Head, 311 F.3d 1288, 1329 (11th Cir. 2002) (finding that a district court correctly denied a discovery request because the petitioner "failed to exercise sufficient diligence in seeking testing of items mentioned in the . . . report while in state court"). Therefore, the Court adopts the R&R's conclusion that the Petitioner has failed to show good cause.

As a result, the Court agrees with the R&R's conclusion that Petitioner's third habeas claim should be denied.

### A. Petitioner's Request for an Immediate Stay and Abeyance of the Proceedings Will be Denied

Also before the Court is Petitioner's Request for an Immediate Stay and Abeyance of the Proceedings. (Doc. No. 12.) In his Request, Petitioner seeks to stay the resolution of his habeas proceeding in this Court to provide him with additional time to conduct legal research[2] and to enable him to return to state court to exhaust previously unexhausted state court claims. (Id. at 2.) As noted above, Petitioner is currently prevented from pursuing federal habeas relief because he has not exhausted all of his claims in state court. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838 (1999)

The Supreme Court permits a federal court to stay and abey a mixed petition in federal habeas proceedings only in limited circumstances. See Rhines v. Weber, 544 U.S. 269, 277 (2005) ("[s]tay and abeyance should be available only in limited circumstances."). A mixed petition is a petition that contains both exhausted and unexhausted claims. Id. at 273. The

---

[2] The Court will treat Petitioner's request for additional time to conduct legal research to mount a response to the R&R as a request for extension of time pursuant to Federal Rule of Civil Procedure 6(b). Petitioner's request for an extension will be denied because it is untimely. Petitioner should have filed a request for an extension during the fourteen (14) day period following the issuance of the R&R, as provided in the Notice attached to the R&R and pursuant to Local Civil Rule 72.1 IV (b).

Supreme Court has advised that a district court may stay a mixed petition where (1) the petitioner establishes good cause for his failure to exhaust claims in state court, (2) the unexhausted claims are not plainly meritless, and (3) there is no indication that the petitioner has engaged in intentionally dilatory tactics. Id. at 277-78. A stay and abeyance is only appropriate when all three requirements are satisfied. See Heleva v. Brooks, 581 F.3d 187, 192 (3d Cir. 2009) ("[T]he three requirements for a stay as laid out in Rhines [are]: good cause, potentially meritorious claims, and a lack of intentionally dilatory litigation tactics."); Rhines, 544 U.S. at 277 (citing 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")).

Petitioner's Request for an Immediate Stay and Abeyance of the Proceedings will be denied because good cause does not exist and Petitioner's claims are meritless. Petitioner also has not set forth any evidence tending to show—nor does the Court find—good cause for his procedural default. In light of Petitioner's failure to satisfy either of the first two requirements for a stay and abeyance, the Court need not consider whether Petitioner has engaged in intentionally dilatory tactics. Accordingly, the Court will deny Petitioner's Request for an Immediate Stay and Abeyance of the Proceedings.

## V. CONCLUSION

For the foregoing reasons, the Court will adopt Magistrate Judge Rueter's Report and Recommendation (Doc. No. 10) and will deny Petitioner's Request for an Immediate Stay and Abeyance of the Proceedings (Doc. No. 12). Accordingly, the Court will deny the Petition for Writ of Habeas Corpus. (Doc. No. 1.) An appropriate Order follows.